UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOYCE DENNIS,

        Plaintiff,                          MEMORANDUM AND ORDER
                                                       12 CV 4207 (JG)
        -versus-

CENTRAL INTELLIGENCE AGENCY,

        Defendant.
-----------------------------------------------------------x
JOYCE DENNIS,

        Plaintiff,                          12 CV 4208 (JG)

        -versus-

DRUG ENFORCEMENT ADMINISTRATION,

        Defendant.
-----------------------------------------------------------x
JOYCE DENNIS,

        Plaintiff,                          12 CV 5334 (JG)

        -versus-

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY a/k/a D.H.S.,

        Defendant.
-----------------------------------------------------------x
JOHN GLEESON, United States District Judge.

        Plaintiff Joyce Dennis, brings these three *pro se* actions pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking an order compelling the Central Intelligence Agency ("CIA"), the Drug Enforcement Administration ("DEA"), and the Department of Homeland Security ("DHS") to comply with FOIA requests Dennis allegedly

made to these agencies. Dennis's requests to proceed *in forma pauperis* are granted. The complaints are consolidated solely for the purpose of this order. For the reasons set forth below, the three complaints are dismissed for failure to state a claim upon which relief may be granted.

A.   *Background*

Dennis alleges that she sought and failed to receive information about herself from the CIA, DEA, and DHS within 20 days as required by the FOIA. In *Dennis v. CIA*, 12 CV 4207, and *Dennis v. DEA*, 12 CV 4208, administrative appeals are pending. By letter dated July 13, 2012, the CIA notes that:

> Your appeal has been accepted and arrangements will be made for its consideration by the appropriate members of the Agency Release Panel . . .
> In order to afford requesters the most equitable treatments possible, we have adopted the policy of handling appeals on a first-received, first-out basis. Despite our best efforts, the large number of appeals that the CIA receives has created unavoidable processing delays making it unlikely that we can respond within 20 working days.

*See* Letter from the CIA, dated July 13, 2012, annexed to Compl. in No. 12 CV 4207. Similarly, by letter dated June 5, 2012, the United States Department of Justice on behalf of the DEA states:

> The Office of Information Policy has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt . . . . We will notify you of the decision on your appeal as soon as we can.

*See* Letter from U.S. Department of Justice, Office of Information Policy, dated June 5, 2012, annexed to Compl. in No. 12 CV 4208.

In *Dennis v. DHS*, 12 CV 5334, Dennis alleges that she initially made her FOIA

request on or about December 28, 2011, and has yet to receive the requested records. Compl. at pg. 6. However, it is unclear if she successfully communicated her request to DHS in the first instance, as the United States Department of Justice by letter dated May 16, 2012, states: Dennis's "request designated organizations outside of the Department of Justice . . . and will have to be resubmitted by [Dennis] directly to them." *See* Letter dated May 16, 2012, from the United States Department of Justice, annexed to Compl. in No. 12 CV 5334. Nevertheless, by letter dated August 8, 2012, the DHS responded to Dennis's request and noted that her FOIA "request is too broad in scope or did not reasonably identify the records which [Dennis] is seeking." Dennis was further informed that she must perfect her request and resubmit. *See* Letter dated August 8, 2012 from U.S. Department of Homeland Security, annexed Compl. in No. 12 CV 5334.

Dennis seeks injunctive relief to compel production of the requested records, and a permanent injunction to stop "telephone tapping, listening, physical(ly) watching with and without any or types of equipment . . . . " Compl. No. 12 CV 5334, at 7.

B.   *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

3

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

C.   *Discussion*

In all three complaints, Dennis argues that the agencies failed to respond to her requests within the time allow by the FOIA statute. Under FOIA, after an agency receives a FOIA request, it must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) . . . whether or not to comply with such request," and shall "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(i)-(ii). If the agency does not make a determination on the FOIA request within the specified period, the requester is considered to have "constructively exhausted administrative remedies" and may file an action in district court. *New York v. Salazar,* 701 F.Supp.2d 224, 233 n.6 (N.D.N.Y. 2010); *Robert v. Dep't of Justice,* No. 05 CV 2543, 2005 WL 3371480, at *7 (E.D.N.Y. Dec. 12, 2005).

Under the FOIA, an interim response informing the plaintiff that the agency is in

4

the process of addressing her inquiry is sufficient to satisfy the requirement that the agency reply within the statutory time period. *Sussman v. U.S. Dep't of Justice*, No 03 CV 3618, 2006 WL 2850608, at *4 (E.D.N.Y. Sept. 30, 2006); *Hogan v. Huff,* No. 00 Civ. 6753, 2002 WL 1359722, at *5 (S.D.N.Y. June 21, 2002); *Sloman v. United States Dep't of Justice*, 832 F.Supp. 63, 66–67 (S.D.N.Y. 1993). Therefore, to the extent Dennis seeks to argue that she constructively exhausted her administrative remedies because the CIA and the DEA failed to decide her appeal within 20 days, her argument fails. Both the CIA and DEA indicate that Dennis's administrative appeals are being processed. *See Dennis v. CIA*, 12 CV 4207, and *Dennis v. DEA*, 12 CV 4208. Moreover, in *Dennis v. DHS*, 12 CV 5334, the DHS is processing Dennis's inquiry and requested further identifying information from her. Although Dennis indicates that she complied with that request, she only recently did so. *See* Dennis's Letter dated October 2, 2012, annexed to Compl. in 12 CV 5334.

Here, it is clear that Dennis failed to exhaust her administrative remedies prior to initiating the instant actions. "Although failure to exhaust a FOIA claim does not deprive a court of subject matter jurisdiction over the claim, it does provide a 'jurisprudential reason' for dismissal." *See Dennis v. United States*, Nos. 10 CV 5042, 10 CV 5044, 10 CV 5045, 2011 WL 344760, at *2 (E.D.N.Y. Jan. 31, 2011) (quoting *Schwarz v. Dep't of Justice,* No. 10 CV 0562, 2010 WL 2836322, at *2–3 (E.D.N.Y. July 14, 2010)); *see also Manfredonia v. SEC,* No. 08 CV 1678, 2009 WL 4505510, at *5–6 (E.D.N.Y. Dec. 3, 2009) (declining to hold that failure to exhaust administrative remedies deprived court of subject matter jurisdiction, but dismissing unexhausted claims under Federal Rule of Civil Procedure 12(b)(6)).

D.      *Conclusion*

Accordingly, Dennis's three complaints are dismissed for failure to state a claim upon which relief may be granted, without prejudice to renewal after Dennis exhausts her administrative remedies with defendants. 28 U.S.C. § 1915(e)(2)(B).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York